IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JOSHUA DAVID WILSON                                                        PLAINTIFF

V.                              CASE NO.   5:20-cv-05142

MCLARTY DANIEL DEALERSHIP,
SERVICE DEPARTMENT; JOHN DOE
ARRESTING OFFICERS, Bentonville
Police Department; INDIGO SKY CASINO; and
CITY OF BENTONVILLE                                                       DEFENDANTS


## OPINION AND ORDER

Joshua D. Wilson, currently an inmate of the Benton County Detention Center

("BCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983.   Wilson proceeds

*in forma pauperis* ("IFP").   The case is before the Court for preservice screening under

the provisions of 28 U.S.C. § 1915A.   Pursuant to § 1915A, the Court has the obligation

to screen any complaint in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity.

## I.     BACKGROUND

According to the allegations of the Complaint (Doc. 1) and the Amended Complaint

(Doc. 16), in November of 2018, Wilson took his 2000 Dodge Ram 1500 pickup to the

service department at McLarty Daniel Dealership located in Bentonville to have work

performed on it.   Wilson did not get the pickup back until mid-December 2018.   The work

performed cost $3700. Wilson alleges that the work was incomplete and that the pickup

broke down on the side of a highway approximately a week later.   Wilson was angry

1

about the incomplete repair and the cost of repair and voiced his displeasure to the service department.   The Bentonville Police Department was apparently called, and Wilson was arrested for a misdemeanor charge of disorderly conduct and taken to the BCDC.   Wilson alleges that the "sal[e]s team" at the dealership filed a false police report. (Doc. 16 at 5).   As a result of the misdemeanor criminal charge, a parole revocation charge was filed, and Wilson was "rearrested." *Id.*   Because of his arrest, Wilson indicates he was unable to remove his pickup from the side of the road where it had broken down.   *Id.* at 6.

Wilson further alleges that he was incarcerated for over two months and lost everything he owned, including the pickup.   As relief, Wilson seeks damages for the estimated value of the pickup if it had been properly repaired.   He also seeks punitive damages.

## II.   LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint,

2

however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

### A.   McLarty Daniel Dealership, Service Department

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983.   "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

In order to state a claim under § 1983, a plaintiff must allege each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   To determine the presence of state action, a court must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State."   *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).   Here, Wilson has not identified the individual members of the service department whom   he believes violated his federal constitutional rights.   It must therefore be determined whether any plausible claim has been stated against any John Doe members of the service department or against the dealership itself.

3

To determine whether conduct is fairly attributable to the State, the Court asks two questions: (1) "whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "whether the party engaging in the deprivation may be appropriately characterized as [a] state actor." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (citing *Lugar*, 457 U.S. at 937). With respect to whether a person or entity may be considered a state actor, the Supreme Court noted that "[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937; *see also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001) (acts of private party are fairly attributable to the state "only if, there is such a close nexus between the State and the challenged action that seemly private behavior may be fairly treated as that of the State itself") (citation and internal quotation marks omitted).

A private individual who complains of criminal conduct does not act under color of law. *See, e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985) (private citizen does not act under color of law when reporting a crime). Thus, to the extent workers of the McLarty Daniel Dealership or the Dealership reported Wilson's conduct to the police, they were not acting under color of law in doing so. No

4

plausible claim is stated.

### B.   Indigo Sky Casino

Although Wilson has listed the Indigo Sky Casino as a Defendant, there are no factual allegations regarding the casino whatsoever.   As noted above, a claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp.*, 550 U.S. at 570.   No plausible claim has been stated.

Wilson was already advised in the Order (Doc. 11) directing him to file an Amended Complaint that he must write short, plain statements telling the Court:   (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.   *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8.   He was also advised that he must repeat this process for each person he has named as a Defendant. *See* Doc. 11.   He did not do so.   Allowing Wilson a further opportunity to amend his complaint would be futile.

### C.   City of Bentonville

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise."   *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).   Wilson has made no such

allegations.   No plausible claim is stated against the City of Bentonville.

### D.  Loss of Property

With respect to Wilson's claim that he lost his pickup because of the actions of the Defendants, the claim fails as a matter of law.   The Due Process Clause of the Fourteenth Amendment provides that '[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law.'"   *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting U.S. Const. Amend. XIV, § 1).   "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment."   *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted).   "In some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process."   *Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

Wilson, however, points to no established state procedure.   Thus, even if one or more of the Defendants intentionally deprived Wilson of his pick-up truck, a post-deprivation remedy is all the process Wilson is due.   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available).   Arkansas law provides such a post-deprivation remedy through an action for conversion.   *See, e.g., Elliott v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).   No plausible claim is stated.

6

### E.  John Doe Arresting Officers

Wilson does not list the John Doe Arresting Officers as Defendants in the Amended Complaint.  In neither the original Complaint nor the Amended Complaint does Wilson make any specific allegations against the arresting officers.  No plausible constitutional claim has been stated.

### IV.  CONCLUSION

For the foregoing reasons, Wilson's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state any plausible claims.

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).   The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this ____13th____ day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

7